IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MELANIE KELSAY, | |
| Plaintiff, | 4:15-CV-3077 |
| vs. | |
| MATT ERNST, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court on its own motion following the Eighth Circuit's reversal of its memorandum and order denying qualified immunity. *See Kelsay v. Ernst*, 933 F.3d 975 (8th Cir. 2019) (en banc), *cert. denied,* 140 S. Ct. 2760 (2020), *reh'g denied,* No. 19-682, 2020 WL 4429718 (U.S. Aug. 3, 2020). Briefly summarized, the Court of Appeals concluded that defendant Matt Ernst is entitled to qualified immunity from plaintiff Melanie Kelsay's claim that Ernst used excessive force when he performed a "takedown" on Kelsay. *Id.* at 981-82. Kelsay has exhausted her appellate remedies with respect to that finding, and of course the Court is bound to respect the Eighth Circuit's decision and dismiss Kelsay's excessive force claim against Ernst. *See Pearson v. Norris,* 94 F.3d 406, 409 (8th Cir. 1996).

    At issue is the following footnote in the Court of Appeals' decision:

> Kelsay also appears to contend that Ernst violated her Fourth Amendment rights by failing to remove handcuffs despite her repeated complaints of shoulder pain. The district court did not address this claim, and Ernst does not appeal any ruling about it. Accordingly, we do not consider whether Kelsay properly

presented this claim in the district court or, if so, whether it would survive a motion for summary judgment.

*Kelsay*, 933 F.3d at 982 n.1. As a result, after remand, the Court asked Kelsay whether she intended to pursue such a claim. Filing 92. In response, she

notifie[d] the court and parties of her intent to reserve all claims and all appeals including but not limited to proceed with this litigation regarding whether "Ernst violated her Fourth Amendment rights by failing to remove handcuffs despite her repeated complaints of shoulder pain[.]"

Filing 93. That's more than the Court asked for in some respects, and less than the Court hoped to learn in others, because it doesn't particularly help the Court to determine the scope of any remaining issues. But it does indicate an intent to pursue anything that *might* be remaining.

For his part, Ernst contends that Kelsay didn't plead a separate claim that Ernst violated her Fourth Amendment rights by not removing her handcuffs when she complained of pain. Filing 94 at 10. Instead, he argues, she pled a single excessive force claim, as to which the defendants all moved for summary judgment. Filing 94 at 10. And so, Ernst argues, any such claim was "implicitly ruled against" her. Filing 94 at 12-17. But nothing was implicitly ruled on. Rather, it's evident that no one except (maybe) the plaintiff's counsel was paying any attention to such a claim. And it's not the first time there's been confusion about what, exactly, Kelsay's claims are. *See* filing 28 at 5-6. It shouldn't be this difficult. But we are where we are.

And where we are, precisely, is looking at Kelsay's operative pleading (filing 13). Kelsay's *briefs* on summary judgment and on appeal do include

- 2 -

argument that might suggest a Fourth Amendment "handcuffing" claim. Filing 57 at 11-12, 28; Brief of Appellee at 16-17, 43-45, *Kelsay v. Ernst*, No. 17-2181 (8th Cir. Aug. 24, 2017). That's presumably why the Eighth Circuit included its footnote regarding such a claim. But the Rules of Civil Procedure do not permit parties to avoid summary judgment by introducing unpled claims late in the litigation. *See Wendt v. Iowa*, 971 F.3d 816, 821 (8th Cir. 2020); *Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, 962 F.3d 1015, 1031 (8th Cir. 2020); *Singleton v. Arkansas Hous. Authorities Prop. & Cas. Self-Insured Fund, Inc.*, 934 F.3d 830, 837 (8th Cir. 2019). So the question is whether such a claim was pled in the first place, not whether it was argued later.

The Court is under a duty to examine the complaint to determine if the allegations provide for relief under any possible theory. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). But although the pleading requirements under Fed. R. Civ. P. 8(a) are relatively permissive, the essential function of notice pleading is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co.*, 897 F.3d 987, 992 (8th Cir. 2018); *see Johnson v. Precythe*, 954 F.3d 1098, 1101 (8th Cir. 2020). And even that "low standard" is not met here with respect to any Fourth Amendment "handcuffing" claim. *See N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004).

Kelsay's complaint sets forth the following with respect to what happened after force was used to detain her:

> 22. At County Sheriff Deputy Jay Welch's behest, Deputy Matt Ernst subdued Plaintiff by tackling her so forcefully from behind that she was knocked unconscious and her collarbone was broken. Plaintiff does not remember being handcuffed.

23. County Sheriff Deputy Jay Welch did not make any effort to stop Plaintiff from being nor make any effort to stop Plaintiff's injuries from being further aggravated.

24. Russell Kirkpatrick assisted Deputy Ernst in handcuffing and transporting the Plaintiff.

25. When Plaintiff regained consciousness, she was picked up and she informed the officers she was in pain and that it felt like they had broken her shoulder. She was transported to the jail and not the hospital, despite constant requests and pleas for medical attention during the entire transportation.

26. Plaintiff was escorted into the Police Station's holding cell and had one cuff removed due to pain, which was promptly put back on. Plaintiff remained in the cell while Officers debated with corrections staff member's suggestion to take her to the hospital.

27. County Sheriff Deputy Jay Welch was at the Jail the entire time Plaintiff was there, and did not order Plaintiff to be taken to the hospital despite constant pleas for medical attention. After some time Welch ordered to Kirkpatrick to take Plaintiff to the hospital for medical attention.

28. Plaintiff was taken to the hospital by Kirkpatrick and tested. She remained in handcuffs. Plaintiff was diagnosed with a broken collar bone. Her handcuffs were removed only after the diagnosis.

29. Plaintiff was given a neck brace and pain medication and returned to jail until her husband, Mr. Kelsay, bailed her out.

30. As a result of the injuries sustained, Plaintiff has so far incurred over forty thousand dollars in medical bills.

Filing 13 at 5-6 (emphasis removed). Based on that factual narrative, the complaint expressly identifies two claims for relief: violation of her Fourth Amendment "right to be free from unlawful arrest" (which is obviously not at issue) and "violation of the 5th [sic] and 14th Amendment to the United States Constitution by using excessive force in relation to any legitimate purpose for use of such force." Filing 13 at 6-7.

The Court previously construed the complaint to *also* include a claim for deliberate indifference to legitimate medical needs, because the facts recited above do suggest a claim that officers were deliberately indifferent to her injury. Filing 28. But they go no farther: to the extent the complaint discusses the pain Kelsay was in, or her complaints of pain, it's only to suggest that she should have received medical attention more promptly. The complaint does not, for instance, allege that Kelsay was in pain specifically because she was handcuffed, in addition to simply because her collarbone was broken. *See* filing 13 at 5-6. The complaint alleges Kelsay repeatedly requested medical treatment, but not that she asked for her handcuffs to be removed because they were hurting her. *See* filing 13 at 5-6. There is simply nothing alleged in the complaint that would have notified the defendants that Kelsay was claiming that the handcuffs, themselves, were an alleged Fourth Amendment violation. *See N. States Power,* 358 F.3d at 1057; *see Inline Packaging,* 962 F.3d at 1031.

The Court, therefore, declines to consider any Fourth Amendment "handcuffing" claim, because it was unpled.[1] The defendants were not required

---

[1] The Court notes, however, that even *had* such a claim been pled, it would have been subject to qualified immunity. In *Crumley v. City of St. Paul, Minn.*, the Eighth Circuit held that the plaintiff had not been subjected to excessive force when handcuffed because she presented no evidence of long-term injury and "allegations of pain as a result of being handcuffed, without some evidence of more permanent injury, are [not] sufficient to support [a] claim of excessive

to intuit additional Fourth Amendment claims not apparent from the complaint. *See Wendt,* 971 F.3d at 821; *WireCo WorldGroup*, 897 F.3d at 993.

Unfortunately, therefore, this case must come to an end. Between this Court's previous orders and the Eighth Circuit's decision, all Kelsay's claims have now been resolved.

IT IS ORDERED:

1. Kelsay's excessive force claim against Ernst in his individual capacity is dismissed.

2. A separate judgment will be entered.

Dated this 9th day of December, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

---

force." 324 F.3d 1003, 1008 (8th Cir. 2003). The Court later clarified that there is no uniform requirement that a plaintiff show more than *de minimis* injury to establish an application of excessive force. *Chambers v. Pennycock*, 641 F.3d 898, 907 (8th Cir. 2011). But the Court recently relied on *Crumley* in rejecting an excessive force claim based on the use of handcuffs, finding that the injuries sustained were "fairly minor," and concluding that in the absence of precedent clearly holding that the use of handcuffs in the circumstances of that case amounted to more than *de minimis* force, it did not violate a clearly established right. *Robinson v. Hawkins*, 937 F.3d 1128, 1136 (8th Cir. 2019). In this case, the Court has not been directed to (nor is it aware of) any authority clearly establishing that handcuffs under these circumstances—recalling that Kelsay presented no evidence the treatment of her injury exacerbated its severity, *see* filing 61 at 3-5—was an unconstitutional use of force. *See id.*